# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| THUNDERBIRD MANAGEMENT LLFP, an Arizona Limited Liability Family Partnership, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CIV-15-628-R |
| DAVID P. LANNAN, an individual, | ) ) ) ) | |
| Defendant. | ) | |

## ORDER

This matter comes before the Court on the Plaintiff's Motion for Summary Judgment (Doc. No. 12). Defendant, who is appearing *pro se*, failed to respond in opposition to the motion, despite having been ordered to do so by November 2, 2015 at the Court's September 1, 2015 status and scheduling conference.

Pursuant to Local Civil Rule 56.1, "[a]ll material facts set forth in the statement of material facts of the movant may be deemed admitted for purpose of summary judgment unless specifically controverted by the statement of material facts of the opposing party." As noted, there is no opposition to the motion, and therefore, the Court accepts the contents of Plaintiff's "Statement of Undisputed Facts" as true. Accepting these facts, however, the Court must still determine, as Rule 56(c) requires, "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). "If a reasonable jury could return a verdict for the nonmoving party, summary judgment is

inappropriate." *Riser v. QEP Energy*, 776 F.3d 1191, 1195 (10th Cir. 2015)(internal quotation marks omitted).

On May 26, 2011, Defendant Lannan executed a Note in favor of Plaintiff. Under the terms thereof, Defendant, for good and valuable consideration, made, executed and delivered to Plaintiff the Note and Loan Agreement. He agreed to pay Thunderbird Management the sum of $92,892.44, with interest thereon at a rate of 5.0% per annum. Payments were due on the first day of the month starting on June 1, 2011, and all outstanding principal and accrued interest was payable on the maturity date of May 1, 2031. Plaintiff is the current owner and holder of the Note. The terms and conditions of the Note specifically provide:

> Should Maker fail to make payment of principal when due, Maker shall be considered in default. During any time the Maker is considered to be in default under this Note, Holder shall then have the right to bring suit or pursue any other legal remedy available to Holder to enforce payment of this Note upon the Maker.

Lannan defaulted on the Note and Thunderbird Management has exercised its option to declare the entire balance due and payable. Despite Plaintiff making demand on Lannan for payment, he has refused to make payments. As of December 1, 2014, there was due and owing to Thunderbird Management the sun of $83,344.51 plus interest at 5.0% per annum until paid in full.

From the undisputed facts set forth in Plaintiff's motion, and accepted as true in light of Defendant's failure to respond thereto, the Court hereby GRANTS Plaintiff's motion for summary judgment. Defendant promised to make installment payments on the first of each month until the balance was paid in full, on or before May 1, 2031. Defendant has failed to

make the promised payments and is in default. As such, Plaintiff is entitled to judgment in its favor in the amount of $83,344.51 as of December 1, 2014, with interest due thereupon at a rate of 5% per annum until the Note is paid in full. Plaintiff's Motion for Summary Judgment (Doc. No. 12) is GRANTED.

IT IS SO ORDERED this 6th day of November, 2015.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE